LEACOCK
*vs.*
HALL.

---

CHANCERY.

Case 16.

July 1.

## Leacock *vs.* Hall.

APPEAL FROM LOUISVILLE CHANCERY COURT.

Judge MARSHALL delivered the opinion of the court.

The assignor of an equity is generally a necessary party to a suit by the assignee to enforce it; but when the equity sought to be enforced inheres in the legal title and has passed with it, the

holder of such legal title and equity may enforce the equity without making the assignor thereof a party to the proceeding. The assignor of a note, given for land sold and conveyed, is not a necessary party to a bill to enforce the lien for the unpaid purchase money.

Although it is a rule in chancery practice that the assignee of an equity must make his assignor a party to a suit for its enforcement, the rule does not seem to have a direct application to an equity which inheres in the legal title, and has passed with it, by an assignment, which, carrying the complete legal title, carries also the equity incident or belonging to it. The vendor's lien for the purchase money of the land sold, passes by his assignment of the note for the purchase money. If the assignment passes the legal title to the purchase money, the right of the assignee to the lien, is not an equity separately derived from the assignor, and to be enforced against or through him, but is a right of which he is completely divested by the assignment of the note, and which, passing absolutely to the assignee, may be directly enforced by him against the purchaser. The fact that the lien is itself but an equitable right, does not prove that the assignor is a necessary party to a suit by the assignee for its enforcement. A title bond gives but an equitable right to a conveyance, or to the land, and yet being assignable by law, the assignee, because he is invested with the legal title to the bond, has a direct remedy for the enforcement of the equity against the obligor without making the assignor a party. So the legal title to the purchase money passing by assignment of the note, and the lien being, so long as it exists, an inseparable incident, the assignee holds the right to the lien just as independently as he holds the right to the purchase money by the assignment of the note. And so far as the assignment of the note concludes the assignor with respect to the right to the money, just to the same extent does it conclude him with respect to the right to the lien. The assignment substitutes the assignee in the place of the assignor as completely with respect

The assignor of an equity is generally a necessary party to a suit by the assignee to enforce it; but where the equity sought to be enforced inheres in the legal title and has passed with it, the holder of such legal title and equity may enforce the equity without making the assignor thereof a party to the proceeding. The assignor of a note, given for land sold and conveyed, is not a necessary party to a bill to enforce the lien for the unpaid purchase money.

LEACOCK
*vs.*
HALL.

to one of these rights at it does with respect to the other, and leaves no more to be contested or adjudicated between them as to one than as to the other.

If the assignment of the purchase money be itself but equitable, or if the assignor remain entitled to a portion of it, or retain the title to the land, he would, in either case, be a necessary party. But where, as in this case, it conclusively appears that the legal title to the whole of the purchase money has passed by assignment from the vendor, we do not perceive any more necessity for making him, merely as assignor, a party to a suit for enforcing the lien which also passed by the assignment, than there would be if the suit were for enforcing payment in any other way. And as the legal title to the land had been conveyed to the purchaser, we think the vendor was not a necessary party.

As the four years for which the defendant claimed to have been entitled to indulgence under the agreement set up by him had completely elapsed before any decree was rendered, and as he did not make full payment within the four years, nor at all, we think he has no right to complain that the lien for the unpaid portion of the debt, without costs of suit, was finally decreed to be enforced upon the land. The four years having elapsed before the case was submitted to the court, it was not incumbent on the chancellor to dismiss the bill on the suggestion, in the answer, that it had been prematurely brought.

We do not perceive any error in the commissioner's report, to the prejudice of the appellant. And as the complainant may hold on to the collateral security until it appears whether the debt will be satisfied by the sale of the land, the omission to make any order on that subject in the decree of sale is not a ground of reversal.

Wherefore the decree is affirmed.

*Ripley,* for appellant; *Guthrie,* for appellee.